FILED
J.N
APR 13 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 06CR0260 |
| | ) | |
| vs. | ) | |
| | ) | Title 29, United States Code |
| ANDREA STACK | ) | Section, 501(c) MAGISTRATE JUDGE ASHMAN |

COUNT ONE JUDGE RONALD GUZMAN

The SPECIAL FEBRUARY 2005-2 GRAND JURY charges:

1. At times material to this information:

(a) The International Union of Electronics, Electrical, Salaried, Machine and Furniture Workers, AFL-CIO (the "IUE") was a labor organization engaged in an industry affecting commerce within the meaning of Title 29, United States Code, Sections 402(i) and (j). IUE Local 1199 was a local union affiliated with the International IUE.

(b) The Communication Workers of America, AFL-CIO (the "CWA") was a labor organization engaged in an industry affecting commerce within the meaning of Title 29, United States Code, Sections 402(i) and (j).

(c) On October 1, 2000, the IUE and the CWA merged, with the IUE to become the industrial division of the CWA. Following the merger, IUE Local 1199 became IUE/CWA Local 1199.

(d) Defendant ANDREA STACK ("STACK") was an officer as that term is defined in Section 402(n) of Title 29, United States Code, that is, she was appointed business manager of IUE Local 1199 in 2000 and subsequently elected to that position in December 2000. The duties of the financial secretary and treasurer were transferred to STACK, as business manager, because Local

1199 did not then have the funds to pay salaries for these offices. STACK continued to hold all of these positions after the IUE-CWA merger.

(e) As business manager, defendant STACK also was issued a Local 1199 Bank One credit card, which she was authorized to use for union purposes and solely for the benefit of the union and its members. STACK's duties and authority as business manager, financial secretary and treasurer continued in all respects after the IUE-CWA merger.

(f) As business manager of IUE Local 1199, and later as business manager of IUE-CWA Local 1199, defendant STACK was entitled to 52 annual salary payments and up to 4 vacation buy-out payments per year.

(g) In April 2000, IUE Local 1199 struck its largest employer, Derlan Precision Products and established a picket line. Defendant STACK, in her official capacity, then opened a Strike Fund account at Family Federal Savings in Cicero, Illinois. The International IUE deposited funds to the Strike Fund. Defendant STACK was responsible for making payments of $125 per week to over 200 pickets. In October 2000, after the IUE-CWA merger, defendant STACK was instructed to close the IUE Local 1199 Strike Fund account, open a new IUE-CWA Members Relief Fund account and pay the pickets an increased weekly wage of $300. This new account was funded by deposits from the International IUE-CWA. The strike against Derlan subsequently was settled in May 2001.

(h) In 2002, an audit was conducted by the International IUE-CWA of Local 1199's bank accounts for the Strike Fund and the Members Relief Fund as well as the General Fund account and the Bank One union credit card account. Numerous unauthorized payments and disbursements from each of these accounts totaling approximately $66,405.24 were identified,

covering a period from on or about February 16, 2000, and continuing to on or about December 26, 2001.

(i) As a consequence, IUE-CWA Local 1199 was placed in trusteeship by the International IUE-CWA. IUE-CWA Local 1199 subsequently was merged into CWA Local 14430.

(j) Title 29, United States Code, Section 501(a), which imposed a fiduciary responsibility upon the officers of labor organizations, including IUE Local 1199 and IUE/CWA Local 1199, stated, in relevant part, as follow:

> The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organizations and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, * * *.

2. From on or about April 19, 2001, and continuing to on or about December 26, 2001, at Berwyn, Illinois and elsewhere in the Northern District of Illinois, Eastern Division,

ANDREA STACK,

defendant herein, embezzled, stole, and unlawfully and willfully abstracted and converted to her own use moneys and funds of a labor organization in the approximate amount of $19,361.77, all without the knowledge and consent of the Union.

In violation of Title 29, United States Code, Section 501(c).

A TRUE BILL:

____________________

FOREPERSON

____________________

UNITED STATES ATTORNEY